UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GARY WIEGERT**, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-00465-RWS |
| **ST. LOUIS BOARD OF POLICE COMMISSIONERS, et. al.**, | ) |
| Defendants | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Mayor Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin O. Switzer and Thomas Irwin submit the following memorandum in support of their Motion to Dismiss.

I. Introduction

Plaintiff Gary Wiegert ("Plaintiff") filed a Complaint ("Complaint") against Defendants Mayor Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin O. Switzer and Thomas Irwin ("Defendants") in their official capacities as the five members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department. Plaintiff alleges claims under the First and Fourteenth Amendment and 42 U.S.C. §1983.

1

Plaintiff alleges that he is a thirty two year veteran employee of the St. Louis Metropolitan Police Department and that he submitted an application for secondary employment as a "self-employed" "lobbyist." [Doc. 1, ¶8; Doc. 1-1, page 2]. In that application, Plaintiff provided his residential address as the address of his business. [Doc. 1-1, page 2]. Ultimately, Plaintiff alleges his application for secondary employment was revoked. [Doc. 1, ¶29]. In his Complaint, Plaintiff asserts that his application was revoked because he planned to work as a "lobbyist for Show-Me Cannabis." [Doc. 1, ¶26]. However, Plaintiff specifically alleges that he was advised his application "was being revoked because Plaintiff did not have a business license issued by the City of St. Louis to operate a business from his residence." [Doc. 1, ¶29].

Defendants bring this motion to dismiss as Plaintiff has failed to state a justiciable claim as he lacks standing and there is no ripe controversy.

**II. Standard of Review**

**a. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. Whether a plaintiff has standing to sue is the threshold question in every federal case. *Steger v. Franco. Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). The burden of

proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Motions for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) generally take one of two forms: 1) a "facial attack" on the sufficiency of the allegation of subject matter jurisdiction in the complaint; or 2) a "factual attack" on the underlying facts upon which subject matter jurisdiction is allegedly based. *Rector v. State Farm Mut. Ins. Co.*, 392 F. Supp. 2d 1069, 1071 (W.D. Mo. 2005). Where a defendant mounts a "factual attack" on the plaintiff's complaint, "the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards" in that the court may not presume the factual allegations in the plaintiff's complaint are true. *Id.*

### III. Discussion

#### 1. Plaintiff lacks standing to assert his claims against Defendants.

Under Article III of the Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to have constitutional standing, a plaintiff must show 1) an injury in fact—an invasion of a legally protected interest which is (a) concrete and

3

particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the conduct complained of; and 3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. at 560-561.

In this case, Plaintiff has failed to allege facts constituting an injury in fact sufficient to establish subject matter jurisdiction. Plaintiff has alleged his application for secondary employment was revoked because he planned to work as a "lobbyist for Show-Me Cannabis." [Doc. 1, ¶26]. However, Plaintiff acknowledges the reason his application was denied was because he did not have a permit to operate a business out of the address he provided. [Doc. 1, ¶29].

Further, on March 27, 2013, a letter was sent to Plaintiff specifically providing the basis for the rejection of his application for secondary employment. *See* Letter dated 3/27/13, attached as Exhibit A and incorporated by reference. The letter specifically states Plaintiff's application was denied because "your employment address is within the city limits of the City of St. Louis, and you have been unable to produce a business license issued by the City of St. Louis." *See* Exhibit A, page 1. The letter goes on to state that Plaintiff may resubmit his application at any time. *Id*.

Plaintiff has not suffered an injury in fact to a legally protected interest. Contrary to his self serving conclusions, Plaintiff has acknowledged his application for secondary employment was rejected because he lacked a license to operate a business. [Doc. 1, ¶29]. And while Plaintiff may speculate that his application for secondary employment was rejected for reasons related to his proposed exercise of protected First Amendment activities, he has no factual basis to support such conjecture and he can provide no allegations or evidence of actual injury. At best, Plaintiff has alleged facts to show that his application for secondary employment was rejected because he failed to secure a required business license and that at some uncertain point in the future it may be rejected for another allegedly improper reason. Those allegations fail to establish any "concrete" "actual" injury in fact to a recognized protected interest. *Lujan*, 504 U.S. at 560. Therefore, Plaintiff has failed to establish standing for a claim pursuant to the First Amendment as he has currently suffered no injury in fact.

The resources of the Federal government are precious and limited. *Galvan v. Cameron Mut. Ins. Co.*, 831 F.2d 804, 805 (8th Cir. 1987). Accordingly, Federal courts are ones of limited jurisdiction and they restrain themselves to the determination of "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. In this case, Plaintiff has failed to establish standing as he

has suffered no injury in fact to any constitutionally protected rights; and his Complaint should be dismissed.

## 2. Plaintiff's claims against Defendants are not ripe.

In order for a claim to be justiciable, it must be ripe. *281 Care Comm. v. Arneson*, 638 F.3d 621, 631 (8th Cir. 2011). In assessing ripeness, the court focuses on whether the case involves "contingent future events that may not occur as anticipated, or indeed may not occur at all" and the court must examine "important prudential limitations" that may require the court to "stay our hand until the issues in the case have become more fully developed. *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 674 (8th Cir. 2012). Standing and ripeness are often closely related. *Id*.

Again, Plaintiff has failed to allege that Defendants have taken any unlawful action, but instead, asks this Court to speculate as to future events that may or may not occur. Both Plaintiff's Complaint and the March 27, 2013 letter clearly state the reason for the denial of Plaintiff's application for secondary employment was because he lacked a business license. [Doc. 1, ¶29; Exhibit A, page 1]. The March 27, 2013 letter states that Plaintiff is free to resubmit the application "at any time." *Id*. The letter goes on to inform Plaintiff that, in addition to resubmitting the application, he may "request a determination whether your proposed secondary employment is permitted."

*Id*. The text of the March 27, 2013 letter makes clear that no decision regarding the merits of Plaintiff's application for secondary employment have been made. *Id*. ("I want to emphasize that no one in senior leadership would want to make any determination in a vacuum of information.") Plaintiff has failed to identify any action which has already occurred that allegedly violated Plaintiff's rights. Accordingly, it would require pure speculation as to uncertain future events for this Court to make any determination as to whether Plaintiff's rights may be violated in the future by some possible action by Defendants. Therefore, this Court should dismiss Plaintiff's Complaint as he has failed to allege any controversy that is ripe for determination.

## IV. Conclusion

Based on the foregoing, Defendants Mayor Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin O. Switzer and Thomas Irwin respectfully request this Court issue its order and judgment dismissing Plaintiff's Complaint for lack of subject matter jurisdiction; and for such further relief as the court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Philip Sholtz*
Philip Sholtz, # 57375
David Kirby, #64959
Assistant Attorneys General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
Philip.Sholtz@ago.mo.gov

*Attorneys for Defendants Francis Slay, Jr., Bettye Battle-Turner, Richard Gray Erwin Switzer, Thomas Irwin*


## CERTIFICATE OF SERVICE

I hereby certify that on March 4th, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.


*/s/ Philip Sholtz*
Assistant Attorney General