UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY WIEGERT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-00465-RWS |
| | ) | |
| **ST. LOUIS BOARD OF POLICE** | ) | |
| **COMMISSIONERS, et. al.**, | ) | |
| | ) | |
| Defendants | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Mayor Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin O. Switzer and Thomas Irwin submit the following Reply Memorandum in support of their Motion to Dismiss.

## I.   Introduction

Plaintiff Gary Wiegert's Response to Defendants' Motion to Dismiss asks this Court to assume two critical facts. First, that Defendants have made a determination on the merits regarding his application for secondary employment. And second, that any reasons given for the denial of Plaintiff's application are pretextual. Intriguingly, Plaintiff asks the Court to make these assumptions in the face of evidence clearly showing them not to be true. Plaintiff's Response provides no credible arguments showing that he has

1

standing or that his claim is ripe for adjudication. Instead, Plaintiff's arguments demonstrate why this case should not be adjudicated.

## II. Discussion

### 1. Plaintiff lacks standing to assert his claims against Defendants.

In order to have constitutional standing, a plaintiff must show an injury in fact which is concrete, particularized and actual or imminent, not one that is conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff's Response provides no credible argument that he has suffered an injury to a constitutionally protected right. Despite Plaintiff's attempts to create a controversy out of whether his application was "revoked" or "denied," such wordplay does not create an injury to a constitutionally protected right. [Doc. 11, page 6]. Regardless of whether Plaintiff's application was "revoked" or "denied," the reason given for the decision was that Plaintiff did not have a license to operate a business out of the location he provided as the site of his employment, a fact which Plaintiff readily admits. [Doc. 1, ¶29; Doc. 11, page 4]. Without a business license, Plaintiff could not legally operate his proposed secondary employment. Defendants' decision on Plaintiff's secondary

2

employment application was based on the failure by Plaintiff to have or obtain a business license.[1] [Doc. 8, page 1].

Similarly, Plaintiff's argument that Defendants have impugned his constitutional rights because the denial of his application did not comply with Defendants' departmental policy is unavailing. Plaintiff argues that, under Defendant's departmental policy, a revocation can only occur if it is "determined that the employment may or does interfere with departmental duties." [Doc. 11, page 4]. Plaintiff goes on to conclude that "no member of the St. Louis Metropolitan Police Department has represented to Plaintiff that Plaintiff's failure to produce a valid business license may interfere with his departmental duties." [Doc. 11, page 6]. Even assuming Plaintiff is correct that Defendants' departmental policy was not properly followed in making a decision on his application, a violation of a departmental policy does not equate to a constitutional violation. *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993). Whether Defendants precisely followed departmental policy in making a determination on Plaintiff's secondary employment application is immaterial in terms of whether his constitutional rights were violated. Plaintiff's application was denied because Plaintiff's "employment address is within the city limits of the City of St. Louis, and you have been unable to

---

[1] Plaintiff has attached a copy of a business license to his Response. [Doc 11-2]. Plaintiff provides no information as to when, how or if this document was submitted to the St. Louis Metropolitan Police Department.

produce a business license issued by the City of St. Louis." [Doc. 8, page 1]. No constitutional rights are implicated by a determination based on Plaintiff's failure to obtain the proper licenses to operate his business. Plaintiff's Response amounts to little more than self-serving aspersions that Defendants may someday reject his application for improper reasons. Those claims are wholly unsupported by any facts and fail to establish any "concrete" "actual" injury in fact to a recognized protected interest. *Lujan*, 504 U.S. at 560. Therefore, Plaintiff has failed to establish standing for a claim pursuant to the First Amendment as he has currently suffered no injury in fact.

## 2. Plaintiff's claims against Defendants are not ripe.

In assessing ripeness, the court focuses on whether the case involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 674 (8th Cir. 2012). To establish ripeness, a plaintiff must show "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pub. Water Supply Dist. No. 10 of Cass Cnty. v. City of Peculiar*, 345 F.3d 570, 572-73 (8th Cir. 2003).

In his Response, Plaintiff argues that he meets the hardship requirement because "due to Defendants' pretextual restraint," "Plaintiff has

4

and will continue to suffer economic harm." [Doc. 11, page 10]. Plaintiff's concerns regarding financial harm can be addressed at a later time with no prejudice or harm to Plaintiff. Plaintiff has shown no immediacy or exigent need as to why any alleged economic harm would create a hardship that this Court should currently address.

However, if this Court were to adjudicate this matter now, Defendants would be required to defend a lawsuit involving a decision that has not been made and in fact, may never be made. Defendants would be significantly harmed by having to adjudicate such a speculative matter. Both Plaintiff's Complaint and his Response admit that the reason for the denial of Plaintiff's application for secondary employment was because he lacked a business license. [Doc. 1, ¶29; Doc. 11, page 4]. Defendants have notified Plaintiff that the defect is curable and Plaintiff is free to resubmit his application at his leisure. [Doc. 8, page 1]. Defendants have made no decision on the merits of Plaintiff's application and Plaintiff's request for this Court to make decisions regarding "contingent future events that may not occur as anticipated, or indeed may not occur at all" is premature and a potential waste of this Court's resources. *Missouri Roundtable for Life*, 676 F.3d at 674.

Plaintiff has offered only pure speculation as to a potential future violation of his constitutional rights that may occur. Plaintiff's Response is

5

essentially white noise that seeks to distract this Court from his own allegations and arguments. Plaintiffs' application for secondary employment was denied because he did not possess a required license. Regardless of any alleged violations of departmental policy by Defendants, Plaintiff can cure the defect in his application and seek a determination on its merits. However, Plaintiff has not taken any action to cure the defect and there has been no decision on the merits of Plaintiff's application by Defendants. Therefore, this Court should dismiss Plaintiff's Complaint as he has failed to allege any controversy that is ripe for determination.

## III. Conclusion

Based on the foregoing, Defendants Mayor Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin O. Switzer and Thomas Irwin respectfully request this Court issue its order and judgment dismissing Plaintiff's Complaint for lack of subject matter jurisdiction; and for such further relief as the court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Philip Sholtz*
Philip Sholtz, # 57375
David Kirby, #64959
Assistant Attorneys General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
Philip.Sholtz@ago.mo.gov

*Attorneys for Defendants Francis Slay, Jr., Bettye Battle-Turner, Richard Gray Erwin Switzer, Thomas Irwin*


## CERTIFICATE OF SERVICE

I hereby certify that on April 25th, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.


*/s/ Philip Sholtz*
Assistant Attorney General