UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY WIEGERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13 CV 465 RWS |
| | ) |
| ST. LOUIS BOARD OF POLICE | ) |
| COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants' motion to dismiss Plaintiff's complaint for lack of standing and because it is not ripe for adjudication. Plaintiff opposes the motion and the issues have been fully briefed. For the reasons set out below, I will grant Defendants' motion to dismiss.

*Background*

Plaintiff Gary Wiegert ("Wiegert") has served as a law enforcement officer with the Metropolitan Police Department of the City of St. Louis ("Department") for over 32 years. On February 17, 2013, Wiegert submitted an application for secondary employment to the Department as required by Special Order 3-07. Wiegert's application listed the duties of his secondary employment only as "[l]obbyist activities in Jefferson City." Unbeknownst to the Department, Wiegert specifically sought to work as a lobbyist for the group Show-Me Cannabis in order to advocate the view that penalties for possession of small amounts of marijuana should constitute ordinance violations rather than incarceration. On February 15, 2013, the Department approved Wiegert's application, and Wiegert began his employment with Show-Me Cannabis.

On March 8, 2013, the St. Louis Post-Dispatch published a column referencing Wiegert's concurrent employment as a police officer and lobbyist for Show-Me Cannabis.  On the same day, Wiegert's District Commander, Captain Deeba, ordered Wiegert not to speak with the media regarding his work for Show-Me Cannabis until after he met with his Bureau Commander, Colonel O'Toole.  Both Captain Deeba and Colonel O'Toole had previously approved Wiegert's application for secondary employment.  On March 12, 2013, Wiegert met with Colonel O'Toole and was informed that approval of his application was being revoked because he did not have a license issued by the City of St. Louis to operate a business from his residence, the address for which he listed on his application.  Colonel O'Toole informed Wiegert that he would have to resubmit his application, that he might face criminal prosecution if he did not produce a business license, and that the Department was considering reporting him to the "Ethics Commission."  On March 27, 2013, the Chief of Police issued a letter to Wiegert stating that his application "could not be approved" because it did not include a business license and did not contain a detailed explanation of his duties as required by Special Order 3-07.  The letter also informed Wiegert that Section 7.005-D of the Police Manual provides him the option of requesting a determination whether his proposed secondary employment is permitted.

On May 28, 2013, I granted Wiegert leave to file his amended complaint alleging that the Board of Police Commissioners for the St. Louis Metropolitan Police Department, and its members in their official capacity, violated his First Amendment rights.  Wiegert asserts both a facial and as-applied constitutional challenge of Special Order 3-07.  Wiegert seeks both declaratory and injunctive relief, as will as monetary damages under 42 U.S.C. § 1983.  Defendants filed a motion to dismiss Wiegert's amended complaint on the grounds that Wiegert lacks standing and that his claims are not ripe for adjudication.

*Discussion*

Defendants argue that Wiegert's complaint is not justiciable because he lacks standing and his claims are not ripe for adjudication. Standing and ripeness can be closely related. Missouri Roundtable for Life v. Carnahan, 676 F.3d 665, 674 (8th Cir. 2012). "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003) (citation omitted). A claim is not ripe if the alleged injury "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." KCCP Trust v. City of North Kansas City, 432 F.3d 897, 899 (8th Cir.2005) (quotation omitted). If a case involves such contingent events, then prudential limitations may require the court to "stay [its] hand until the issues in the case have become more fully developed." Missouri Roundtable for Life, 676 F.3d at 674 (citation omitted).

Wiegert's as-applied claim is not ripe for adjudication because the issues presented require further factual development. On March 12, 2013, Colonel O'Toole informed Wiegert that approval of his application was being revoked because he failed to produce a business license and invited Wiegert to resubmit his application. On March 27, 2013, the Department sent Wiegert a letter advising him that his application was deficient because it did not include a business license and did not contain a detailed explanation of his duties as required by Special Order 3-07. The letter also informed Wiegert that Section 7.005-D of the Police Manual provides him the option of requesting a determination whether his proposed secondary

employment is permitted.  Rather than resubmit his application or seek a determination under 7.005-D, Wiegert elected to pursue litigation to enforce his First Amendment rights.  He now seeks injunctive relief.  But if Wiegert resubmits his application, as the Department invited him to do, he may discover that the Department has no objection to him working as a lobbyist for Show-Me Cannabis.  At this time, Wiegert's complaint does not present a pure legal issue and requires further factual development.

I do not treat lightly the possibility that Wiegert's right to free speech will be chilled absent immediate injunctive relief, but "to resolve an issue lacking factual development simply to avoid a threatened harm would be to favor expedition over just resolution."  Nebraska Public Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032 (8th Cir. 2000).  Until the Department makes a final determination on Wiegert's application for secondary employment, this dispute is simply not ripe for review.

Because Wiegert's as-applied claim is not ripe, I will refuse to exercise jurisdiction over his facial challenge for prudential reasons.  See Board of Trustees v. Fox, 492 U.S. 469, 484–85, 109 S.Ct. 3028, 3037 (1988). ("It is not the usual judicial practice, ... nor do we consider it generally desirable to proceed to an overbreadth issue unnecessarily—that is, before it is determined that the statute would be valid as applied.").

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#22] is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED that** the Clerk of Court shall administratively close this case.  Plaintiff shall exhaust his administrative remedies by resubmitting his application for secondary determination to the Department or requesting a determination whether his proposed

secondary employment is permitted.  Defendants shall act with all deliberate speed in reviewing Plaintiff's submission and providing a final determination.  After a final determination is rendered, Plaintiff may move to reopen this case.

                                                                                                                     RODNEY W. SIPPEL  
                                                                                                                      UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2013.